SAHN v BRISSON

1. Estoppel—Collateral Estoppel—Res Judicata—Distinction.

   Res judicata bars further action after an original cause of action
   between two parties goes to judgment whereas the doctrine of
   collateral estoppel is applied to subsequent actions based on a
   new cause of action, the prior litigation being conclusive as to
   issues actually litigated in the previous action.

2. Estoppel—Collateral   Estoppel—Judgment—Default   Judg-
   ment.

   Issues presented by a plaintiff in his complaint, supported by
   competent testimony and exhibits and resulting in a trial
   court's grant of a default judgment, are issues actually litigated
   for the purpose of applying the doctrine of collateral estoppel.

3. Judgment—Default Judgment—Admission.

   The entry of a default judgment is equivalent to an admission by
   the defaulting party to all matters well pleaded.

4. Pleading—Failure to Assert Counterclaim—Estoppel.

   The failure of a party to assert a counterclaim stemming from
   the same issues or subject matter in a prior suit will estop that
   party from afterwards maintaining a separate action on that
   counterclaim against the opposing party in the prior suit.

Appeal from Alger, William F. Hood, J. Submit-
ted Division 3 June 15, 1972, at Iron Mountain.
(Docket No. 12321.) Decided November 27, 1972.

Complaint by Clifford Sahn against Joseph Bris-
son to recover storage fees and the cost of repairs

References for Points in Headnotes

[1, 2] 28 Am Jur 2d, Estoppel and Waiver §§ 1, 2.
[2] 28 Am Jur 2d, Estoppel and Waiver § 71.
[3] 47 Am Jur 2d, Judgments § 1153.
[4] 20 Am Jur 2d, Counterclaim, Recoupment, and Setoff § 35.

made to a bulldozer. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Quinnell, Quinnell & Heitman* (by *Stephen F. Adamini)*, for plaintiff.

*Chapekis & Chapekis, P. C.,* for defendant.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

T. M. BURNS, J. The plaintiff appeals as of right from an order of the Alger County Circuit Court entered July 15, 1971, which granted the defendant's motion for an accelerated judgment and dismissed the plaintiff's suit.

In March of 1964, a bulldozer owned by the defendant was brought into the plaintiff's shop for repairs. Plaintiff completed the requisite repairs at a cost of $3800.

Thereafter, a dispute arose between the parties as to whether or not the defendant had authorized the repairs. Negotiations were begun in an attempt to settle the matter. However, after three years of wrangling, no accord could be reached; and as a result of this unhappy state of affairs, both parties instituted separate suits against each other in an attempt to put an end to the controversy once and for all.

In the first action, commenced February 7, 1967, in Delta County Circuit Court, the defendant brought suit against the plaintiff for conversion of the bulldozer. Defendant Brisson's complaint alleged in pertinent part that: (1) he was the owner of the bulldozer; (2) he had allowed a prospective purchaser to take the machine on trial; (3) the prospective purchaser without authorization had taken it to the plaintiff for repairs; (4) after learn-

ing the whereabouts of the bulldozer, he notified the plaintiff that the prospective purchaser did not have any authority to order the repairs; (5) he (defendant) did not consent to the repairs; and finally, (6) he demanded plaintiff return the bulldozer. The complaint also averred that under the circumstances the defendant was entitled to possession of the bulldozer and that the plaintiff's refusal to return the machine after defendant's demand amounted to conversion.

The plaintiff failed to answer the complaint. Consequently, a default judgment was entered against the plaintiff on April 5, 1967. Plaintiff thereafter moved to set the default judgment aside, but this motion was denied by the Delta County Circuit Court.

In the second suit instituted July 28, 1967, in Alger County Circuit Court, the present plaintiff filed a complaint against the defendant in an attempt to recover reasonable storage fees and the cost of the repairs made to the bulldozer.

The defendant on March 2, 1971, pursuant to GCR 1963, 116.1(5), moved for an accelerated judgment on the ground that the prior default judgment entered against the plaintiff in Delta County Circuit Court on April 5, 1967 (see *ante*), barred the plaintiff's instant suit arising out of the same transaction. Defendant's motion was taken under advisement and on June 28, 1971, the Alger County Circuit Court issued an opinion granting the motion for accelerated judgment.

The circuit court noted that the present plaintiff's complaint averred that the repairs on defendant's bulldozer were made with the consent of the defendant and that such an allegation was essential to the plaintiff's cause of action since the plaintiff could not recover for labor or materials

neither authorized nor consented to by the defendant. Furthermore, the court pointed out that the defendant in his complaint against the plaintiff for conversion filed in Delta County Circuit Court (see *ante)* alleged that the defendant did not authorize or consent to the repairs made by the plaintiff.

Accordingly, the court concluded:

"Thus, the issue as to whether Brisson did authorize or consent to the repairs was raised in the Delta County suit by the express allegations of Brisson's complaint; and a decision in his favor was a necessary incident to the judgment. *It is immaterial that the issue was decided by default rather than by presentation of proofs. The adjudication of the issue in Brisson's favor in the Delta County action constitutes a bar to Sahn's recovery on any cause of action involving the same issue of whether Brisson authorized and consented to the repairs to the tractor."* (Emphasis supplied.)

It is the position of the plaintiff on appeal that the trial court erred in giving the Delta County Circuit Court default judgment res judicata effect in the instant case. Plaintiff's position is untenable.

Although both the parties spoke in terms of res judicata, we are in fact presented with an issue dealing with collateral estoppel, a branch of the res judicata doctrine. This Court recently distinguished between the two concepts in *People ex rel Director of Conservation v Babcock,* 38 Mich App 336, 346 (1972):

"*Res judicata* bars further action after an original cause of action between two parties goes to judgment. When the subsequent action is based on a new cause of action, the prior litigation is conclusive only as to issues *actually litigated.* This is the doctrine of collateral estoppel. *Jones v Chambers* (1958), 353 Mich 674; *Jacobson v Miller* (1879), 41 Mich 90." (Emphasis supplied.)

The case now under consideration is based upon a new cause of action. Originally defendant Brisson sued plaintiff Sahn in Delta County Circuit Court for the tort of converting the bulldozer. Plaintiff Sahn's present suit, which was filed in Alger County Circuit Court, states a cause of action sounding in contract or quasi-contract for services rendered on the defendant's machine.

Therefore, since we are concerned with the application of collateral estoppel in the instant case, the issue becomes whether or not the issues raised in a prior suit which resulted in a default judgment can be given collateral estoppel effect in a subsequent suit between the parties arising out of the same transaction or occurrence. More specifically the sole question for determination in the instant appeal is whether the allegation that the defendant neither authorized nor consented to the repairs was an issue which was actually litigated in the defendant's prior Delta County suit.

A question has not been actually litigated until put in issue by the pleadings, submitted to the trier of fact for a determination, and thereafter determined. *Talcott, Inc v Allahabad Bank, Ltd,* 444 F2d 451 (CA 5, 1971).

In the prior Delta County suit, the question of whether the repairs to the bulldozer were authorized by the defendant herein was put in issue by the pleadings. The trial court in that case had competent testimony before it upon which to grant a default judgment. The court, based upon the testimony and exhibits presented, determined all of the issues posed by the pleadings. Thus the issues presented by the plaintiff's complaint (defendant herein) were actually litigated and we so hold.

Moreover, the entry of a default judgment is

equivalent to an admission by the defaulting party to all of the matters well pleaded. *Lesisko v Stafford,* 293 Mich 479 (1940); 7 Callaghan's Michigan Pleading & Practice (2d ed), § 44.06, p 26.

We hold, therefore, that inasmuch as the question of whether the repairs were authorized was actually litigated in a prior suit between Sahn and Brisson, the doctrine of collateral estoppel applies to ban a relitigation of this issue between the same parties in the instant case.

The plaintiff asserts, however, that by virtue of GCR 1963, 203.2 our jurisdiction is a permissive-counterclaim state and that as such the failure to set forth the repair claim in the prior suit does not bar the instant action on that claim because the plaintiff in the original suit (defendant herein) did not request a compulsory joinder of all claims. We are not persuaded by the plaintiff's argument.

Even though a defendant generally has the election of either pleading a counterclaim or reserving it for a future independent suit, the time for presenting a counterclaim is not always within a defendant's option. The failure to assert a counterclaim stemming from the same issues or subject matter in a prior suit will estop a defendant from afterwards maintaining a separate action on that counterclaim against the plaintiff in the prior suit. *Paccalona v Peninsula Bark & Lumber Co,* 171 Mich 605 (1912). See also *Gursten v Kenney,* 375 Mich 330 (1965).

Such is the case here. The plaintiff's present claim for repairs to the bulldozer arose out of the same subject matter as the prior Delta County suit and depends for its adjudication upon the same issue decided between the parties in the Delta County suit, namely, whether the repairs were in fact authorized by the defendant herein. The plain-

tiff in the instant case, however, chose not to assert the claim for repairs in the prior suit; consequently, he is foreclosed from asserting this claim in the present action.

For the reasons delineated above, the order of the Alger County Circuit Court dismissing the plaintiff's suit is affirmed.

All concurred.