In the Matter of Randall Avant
MALLORY and Mabel Diane
Mallory, Bankrupts.

Phil MULKEY, Plaintiff,

v.

Randall Avant MALLORY and Mabel
Diane Mallory, Defendants.

Bankruptcy Nos. 78–1521A, 78–1522A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Nov. 20, 1979.

Tony Center, Atlanta, Ga., for plaintiff.

Robert E. Hall, Hall & Hamling, Atlanta, Ga., for defendants.

## MEMORANDUM OF OPINION

A. D. KAHN, Bankruptcy Judge.

Plaintiff, a judgment creditor of the bankrupt Defendants, has asked this Court to declare the bankrupts' debts to him to be non-dischargeable. He bases this request on an argument that the judgment he obtained was issued to compensate him for an injury which was inflicted by the Defendants in a "willful and malicious" manner and that § 17a(8) of the Bankruptcy Act requires that debts based upon such an injury be declared non-dischargeable.

## FINDINGS OF FACT

In mid-1976, Plaintiff sold the rights to operate his business, which is known as "Franco's Pizza," to a corporation known as

Jordan-Lambert, Inc. This corporation was formed and operated by Defendants and Mr. and Mrs. Don Bush. In addition to purchasing the right to operate the business, the corporation leased from Plaintiff the 10th Street premises on which the pizza parlour was operated.

Despite the fact that the corporate lessee took immediate possession of the premises, Plaintiff continued to involve himself in the operation of the business. In fact, when the county health department forced the business to close temporarily, Plaintiff changed the locks on the building without permission from or notice to the Defendants. This re-entry and lock changing took place at a time when not only the Defendants and the Bushes were out-of-town, but also the rental payments due under the lease agreement were fully current.

When the Defendants and the Bushes returned from out-of-town, they discovered that their keys did not open the locks to the premises. Mr. Bush then called his attorney, who contacted Plaintiff in an attempt to allow the Defendants and the Bushes to gain entry to the premises. This attempt to gain possession failed.

As a result, Mr. Mallory, upon advice of counsel, attempted to gain possession through the filing of a criminal trespass court action against Plaintiff. This criminal matter was tried before a state court tribunal, and Plaintiff was acquitted of the charge.

Subsequently, Plaintiff brought a civil action against the Defendants in state superior court alleging malicious prosecution, and default judgments were entered on December 12, 1977.

In June of 1978, Defendants filed separate petitions with this Court for voluntary bankruptcy. It is the debts predicated upon the state court default judgments which Plaintiff urges this Court to declare as nondischargeable. Since the dischargeability issues in the two cases for these spouses are the same, the cases were consolidated for purposes of trial.

## CONCLUSIONS OF LAW

Since there was no actual litigation in the state court to determine the validity of Plaintiff's malicious prosecution action, Plaintiff's default judgment has no collateral estoppel effect upon the instant case. *Cf. In re Garrard, D. L. R., Inc. v. Garrard* (N.D.Ga. No. B76–2914A) (Cohen, B. J.).

Furthermore, even though Plaintiff's default judgment was predicated upon the Defendants' allegedly malicious behavior, which is what § 17a(8) exceptions are all about, this Court is not bound by such a judgment for purposes of ascertaining the dischargeability of bankrupts' debts. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The Supreme Court made clear its intention to enforce such a limit on the doctrine of res judicata in bankruptcy proceedings when it said:

[T]he bankruptcy court is *not* confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of [bankrupts'] debts. . . . The mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt.

*Brown v. Felsen*, 99 S.Ct. 2205 at 2213 (emphasis added).

Findings of fact made by this Court at its own hearing may, therefore, be properly considered when ruling on the dischargeability of debts which are based upon state court default judgments.

Having held such a hearing in the instant case, this Court concludes that Mrs. Mallory was so far removed from the operation of the restaurant business and from the decision to file charges against Plaintiff for criminal trespass that she could not be properly described as having caused willful and malicious injury to Plaintiff. This Court finds that while Mr. Mallory may have been negligent in accepting improvident legal advice in deciding to prosecute Plaintiff, Mr. Mallory did not maliciously inflict injury upon Plaintiff. Mere negligence has long been held to be an inappro-

priate basis for § 17a(8) exceptions to a bankruptcy discharge. 1A *Collier on Bankruptcy* ¶ 17.17 (14th Ed. 1978). This proposition is yet another manifestation that bankruptcy is intended to give debtors a "fresh start."

Accordingly, IT IS HEREBY ORDERED AND ADJUDGED that the default state court judgment-based debts of Defendants, RANDALL and MABEL MALLORY, to Plaintiff, PHIL MULKEY are not such as fall within the exception of § 17a(8) of the Bankruptcy Act to discharge and, therefore, are dischargeable in these proceedings. A judgment is entered contemporaneously herewith.