RINALDI v RINALDI

Docket No. 59556. Submitted November 4, 1982, at Detroit.—Decided
    January 10, 1983. Leave to appeal applied for.

    Patricia A. Rinaldi and George D. Rinaldi were divorced and
    Patricia Rinaldi was awarded their yacht. George D. Rinaldi
    was ordered by the court to continue paying the monthly
    payments and to maintain the yacht until it could be sold, but
    he did not do so. The second priority lien holder on the yacht
    instituted a claim and delivery action for immediate possession
    of the yacht. Thereafter, the lien holder assigned the lien and
    his interest in the claim and delivery action to George T.
    Rinaldi, the father of George D. Rinaldi. Following the assign-
    ment, George T. Rinaldi died and his estate succeeded as the
    real party in interest. Subsequently, the yacht was sold, and
    the bank mortgage on the yacht was discharged. The balance of
    the proceeds of the sale was deposited in an escrow account.
    The trial court held that Patricia Rinaldi was entitled to the
    proceeds of the escrow account because although the estate's
    lien was valid, it was unenforceable because the actions of
    George D. Rinaldi and George T. Rinaldi in obtaining the
    assignment of the lien were intended to reduce or eliminate
    Patricia Rinaldi's share of the marital assets and amounted to
    collusion. The Court of Appeals reversed the decision of the
    trial court. *Estate of George T Rinaldi, Sr v Rinaldi,* 112 Mich
    App 25; 314 NW2d 788 (1981). Patricia Rinaldi, thereupon, filed
    suit in Macomb Circuit Court against George D. Rinaldi and

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading § 230 *et seq.*
[2] 22 Am Jur 2d, Damages § 243.
[3, 4] 1 Am Jur 2d, Actions § 127.
[4] 20 Am Jur 2d, Counterclaim, Recoupment, and Setoff §§ 144, 149.
[5, 6] 46 Am Jur 2d, Judgments §§ 404, 406-414, 417, 418.
[6] 46 Am Jur 2d, Judgments § 397.
[7] 1 Am Jur 2d, Actions §§ 94-96.
[8] 20 Am Jur 2d, Costs § 72.
    What constitutes "trial," "final trial," or "final hearing" under
        statute authorizing allowance of attorneys' fees as costs on such
        proceeding. 100 ALR2d 397.

the estate of George T. Rinaldi, deceased, seeking exemplary damages for the loss of the yacht's value and attorney fees incurred in both the divorce and claim and delivery suits. Plaintiff alleged that both George T. Rinaldi and George D. Rinaldi acted willfully, maliciously and wrongfully. The court, George R. Deneweth, J., granted an accelerated judgment for the defendants finding that the plaintiff's claims should have been filed and decided in the prior two actions and that the suit was barred because of the rule against splitting causes of action and collateral estoppel. The plaintiff appeals. *Held:*

The trial court erred in granting accelerated judgment for the defendants. The plaintiff's suit was not barred because the doctrines of splitting a cause of action, res judicata and collateral estoppel were not applicable. The plaintiff was a defendant in the prior two actions, *i.e.,* an involuntary party. All of the suits involved different causes of action and required different elements of proof. Further, the ultimate issue in the present action, whether the defendants did in fact conspire to deprive the plaintiff of her marital property, is not the same as the ultimate issues in either of the prior actions. The case should be remanded for a trial. Since the plaintiff alleges malicious conduct on the part of defendants which directly caused a decrease in the yacht's value, she should be entitled to compensation for those losses, including exemplary damages, if she is successful. The plaintiff is not entitled to costs and attorney fees incurred in the divorce action but she may be able to recover all of her reasonable costs and attorney fees incurred in the claim and delivery action from George D. Rinaldi.

Reversed and remanded for a trial.

1. MOTIONS AND ORDERS — ACCELERATED JUDGMENTS.

A court must accept as true all well-pleaded facts of the nonmoving party in ruling on a motion for accelerated judgment.

2. DAMAGES — EXEMPLARY DAMAGES.

Generally, exemplary damages are recoverable in all damage actions which are based upon tortious acts involving malice, fraud, insult, or wanton and reckless disregard of the plaintiff's rights; exemplary damages are compensatory in nature, not punitive, since they are an element of actual damages.

3. ACTIONS — SPLITTING A CAUSE OF ACTION — PLEADING.

Splitting a cause of action involves dividing a single or indivisible cause of action into several claims and bringing several actions thereon, and the rule against splitting a cause of action is

designed to prohibit vexatious litigation and does not apply to an involuntary party to a prior suit; the rule is expressed in the court rules as compulsory joinder of claims (GCR 1963, 203.1).

4. ACTIONS — COUNTERCLAIMS — CROSS-CLAIMS.

Michigan provides for permissive joinder of counterclaims and cross-claims against a co-party; therefore, where a party declines to file any counterclaims or cross-claims in pending litigation he is then free to maintain a separate independent action of his own even though he could have set up a counterclaim or cross-claim in the first action; however, the principles of res judicata and collateral estoppel may, nonetheless, be applied if the present cause of action and claims are not sufficiently dissimilar from those involved in the prior action (GCR 1963, 203.2, 203.3).

5. ACTIONS — RES JUDICATA — COLLATERAL ESTOPPEL.

The doctrine of res judicata bars a subsequent suit between the same parties or their privies when the same cause of action is raised in a subsequent suit and when the facts or evidence essential to the maintenance of both actions are identical; res judicata will bar the relitigation of issues which actually were or might have been presented before the court in the first action; the doctrine of collateral estoppel will bar the relitigation of issues previously decided in a first action when the parties to a second action are the same; and where the second suit is a different cause of action, the bar is conclusive only as to issues actually litigated in the first suit.

6. ACTIONS — COLLATERAL ESTOPPEL.

The doctrine of collateral estoppel applies only where the same ultimate issues underlying a first action are involved in a second action, the parties have had a full opportunity to litigate the ultimate issues in the former action, and there is mutuality of estoppel; mutuality of estoppel is present if both litigants in the second suit are bound by the judgment rendered in the first suit.

7. ACTIONS — DEFENSES.

Generally, where a litigant's right to affirmative relief is independent of a cause of action asserted against him and it is relied upon only as a defense to that action, he is barred from seeking affirmative relief thereon in a subsequent proceeding, but if he does not rely upon his claim as a defense to the first action, or as a counterclaim thereto, he is not barred from subsequently

maintaining his action for affirmative relief in an independent suit.

8. Costs — Attorney Fees.

Generally, awards of costs or attorney fees are not allowed unless expressly authorized by statute, court rule or a recognized exception, which should be narrowly construed.

*Moore & Ricard* (by *Thomas W. Ricard*), for plaintiff.

*Colista, Green & Adams* (by *Constance J. Allen*), for defendants.

Before: Bronson, P.J., and V. J. Brennan and J. H. Gillis, JJ.

V. J. Brennan, J. Plaintiff appeals as of right from an order of the trial court granting defendants' motion for accelerated judgment pursuant to GCR 1963, 116.1(5). A detailed statement of facts appears in the related case of *Estate of George T Rinaldi, Sr v Rinaldi,* 112 Mich App 25; 314 NW2d 788 (1981).

Briefly, plaintiff and defendant George D. Rinaldi (hereinafter George, Jr.), were divorced in 1978, and plaintiff was awarded their 43-foot yacht. George, Jr., was ordered to continue paying the monthly payments and to maintain the yacht until it could be sold, but he did not do so. When the second priority lien holder instituted a claim and delivery action for immediate possession in March, 1978, *Estate of Rinaldi, supra,* defendant George T. Rinaldi (hereinafter George, Sr.), obtained an assignment of the lien. He also assumed the underlying indebtedness to City National Bank which held the purchase money security interest.

At a hearing on the claim and delivery suit held in February, 1979, plaintiff attempted to demon-

strate that the lien of George, Sr., should not be enforced because George, Sr., and George, Jr., had colluded to reduce or eliminate her equity interest in the yacht. Plaintiff's testimony was confined to both defendants' conduct during the divorce proceedings. George, Sr., died shortly thereafter, and his estate became a party in interest. City National Bank then foreclosed on its lien and the boat was sold for substantially less than its original value.

In January, 1980, the trial court in the claim and delivery action found that the lien of George, Sr., was valid but unenforceable because of the collusive and improper actions of George, Sr., and George, Jr. Plaintiff was awarded the proceeds of the sale over and above the amount paid to the bank. This Court reversed that decision in *Estate of Rinaldi, supra,* because there was no testimony demonstrating that George, Sr., had failed to pay valid consideration for the lien. It was noted that, although defendants may have conspired to deprive plaintiff of her marital property by failing to make the payments on the boat and by failing to maintain it in a marketable condition, their actions did not render the assignment fraudulent or the lien unenforceable. *Estate of Rinaldi, supra,* pp 32-33. Thus, plaintiff received nothing from the sale since the proceeds were not sufficient to satisfy the lien of George, Sr.

Plaintiff then filed the present action in January, 1981, for exemplary damages for the loss of the yacht's value and attorney fees incurred in both the divorce suit and the claim and delivery suit. Plaintiff's allegations of wilful, malicious and wrongful conduct by defendants are the same as those made by her in the claim and delivery action. Defendants moved for both summary and

accelerated judgment, claiming that plaintiff was barred from asserting a slightly different theory of recovery based on the same set of facts. In granting defendants' motion for accelerated judgment, the court found that plaintiff's claims should have been filed and decided in the prior two actions and that the suit was barred because of the rule against splitting causes of action and collateral estoppel. Plaintiff claims that the trial court's findings were erroneous.

In deciding a motion for accelerated judgment, a court must accept as true all well-pleaded facts of the nonmoving party. *Black v Rasile*, 113 Mich App 601, 603; 318 NW2d 475 (1980), *lv den* 411 Mich 987 (1981); *Kircos v Goodyear Tire & Rubber Co*, 108 Mich App 781, 783; 311 NW2d 139 (1981). Generally, exemplary damages are recoverable in all damage actions which are based upon tortious acts involving malice, fraud, insult, or wanton and reckless disregard of plaintiff's rights. *Oppenhuizen v Wennersten*, 2 Mich App 288, 296; 139 NW2d 765 (1966). Exemplary damages are compensatory in nature, not punitive, since they are actually an element of actual damages. *McLaren v Zeilinger*, 103 Mich App 22, 25; 302 NW2d 583 (1981). Since plaintiff alleges malicious conduct on the part of defendants which directly caused a decrease in the yacht's value, she should be entitled to compensation for those losses if her claim is not barred.

By arguing that plaintiff is prevented from asserting the present cause of action, defendants have blurred the concepts of splitting causes of action, res judicata and collateral estoppel. We will discuss each and its effect on the present case. Splitting a cause of action involves dividing a single or indivisible cause of action into several

claims and bringing several actions thereon. *Tuttle v Everhot Heater Co,* 264 Mich 60, 64; 249 NW 467 (1933). The rule is designed to prohibit vexatious litigation and does not apply to an involuntary party to a prior suit. *LaBour v Michigan National Bank,* 335 Mich 298, 302; 55 NW2d 838 (1952). This common-law rule is incorporated into GCR 1963, 203.1 but is expressed as compulsory joinder of claims. *Michigan National Bank v Martin,* 19 Mich App 458, 461; 172 NW2d 920 (1969). Since plaintiff, here, was a defendant in both the divorce action and the claim and delivery action, the rule is not applicable. Even if it were applicable, defendants' failure to object waives the defense in this suit. *Rogers v Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 405 Mich 607, 620; 275 NW2d 499 (1979).

The court rules which are applicable here are GCR 1963, 203.2, permissive claims and counterclaims, and GCR 1963, 203.3, permissive crossclaim against co-party. Thus, plaintiff was not required under the rules to file a counterclaim against George, Sr., or cross-claim against George, Jr., for exemplary damages in the claim and delivery action. See *Bank of the Commonwealth v Hulette,* 82 Mich App 442, 444; 266 NW2d 841 (1978); *Karakas v Dost,* 67 Mich App 161, 172-173; 240 NW2d 743 (1976), *lv den* 396 Mich 869 (1976); *Cf. Sahn v Brisson,* 43 Mich App 666, 671; 204 NW2d 692 (1972). However, the principles of res judicata and collateral estoppel may, nonetheless, be applied if the present cause of action and claims are not sufficiently dissimilar from those involved in the prior actions.

The distinction between res judicata and collateral estoppel was aptly described in *Braxton v Litchalk,* 55 Mich App 708, 717-718; 223 NW2d 316 (1974):

"According to the general rules discussed in *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37, 41-42; 191 NW2d 313 (1971), and *Jones v Chambers,* 353 Mich 674, 680-681; 91 NW2d 889 (1958), the doctrine of res judicata is applicable to a second suit involving the same cause of action as that raised in the first suit, and will bar the relitigation of issues which actually were or might have been presented before the court in the first action. As noted in *Topps-Toeller, Inc v Lansing,* 47 Mich App 720, 726-727; 209 NW2d 843 (1973), *lv den* 390 Mich 788 (1973), res judicata bars a subsequent suit between the same parties or their privies when the same cause of action is raised in a subsequent suit, and when the facts or evidence essential to the maintenance of both actions are identical. On the other hand, collateral estoppel will bar the relitigation of issues previously decided in the first action when the parties to the second action are the same; where the second suit is a different cause of action, the bar is conclusive only as to issues actually litigated in the first suit."

See also *Sahn, supra,* p 669.

The present cause of action is to recover the value of the yacht awarded to plaintiff which was allegedly diminished by defendants' refusal to make the monthly payments and maintain the yacht in a marketable condition. The claim and delivery action involved the enforcement of the liens on the yacht. The divorce suit decided the ownership and division of the property of plaintiff and George, Jr. Since all of the suits involved different causes of actions and required different elements of proof, the doctrine of res judicata does not apply.

We next examine the doctrine of collateral estoppel which was discussed by the Court in *Stolaruk Corp v Dep't of Transportation,* 114 Mich App 357, 362; 319 NW2d 581 (1982):

"In order for collateral estoppel to apply, the same

ultimate issues underlying the first action must be involved in the second action. The parties must also have had a full opportunity to litigate the ultimate issues in the former action. *Fifield v Edwards,* 39 Mich 264 (1878). Finally, collateral estoppel only applies where there is mutuality of estoppel. Mutuality of estoppel is present if both litigants in the second suit are bound by the judgment rendered in the first suit. *Braxton v Litchalk, supra,* 720; *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37, 42-43; 191 NW2d 313 (1971)."

Defendants contend that since plaintiff's present claim involves the same issues and subject matter raised in plaintiff's defense to the enforceability of the lien of George, Sr., she is collaterally estopped from maintaining the counterclaim. Defendants and the trial court cite as their primary authority the case of *Sahn v Brisson, supra,* pp 670-672. Plaintiff maintains that *Karakas v Dost, supra,* pp 171-173, is the controlling precedent. However, we find that neither case is directly applicable since the plaintiffs in those cases did not assert a defense in their prior suits.

The general rule is stated in *Ternes Steel Co v Ladney,* 364 Mich 614, 619; 111 NW2d 859 (1961):

"We conclude that when a litigant's right to affirmative relief is independent of a cause of action asserted against him and it is relied upon only as a defense to that action, he is barred from seeking affirmative relief thereon in a subsequent proceeding. But if he does not rely upon his claim as a defense to the first action, or as a counterclaim thereto, he is not barred from subsequently maintaining his action for affirmative relief in an independent suit.

"In other words, plaintiff can plead defendant's breach of warranty as a defense in the first suit, he can plead it as a defense and as a counterclaim in the first suit, or he can sue thereon subsequently for affirmative

relief, but he cannot combine the alternatives. Once he raises the issue, it must be fully and finally determined." (Citations omitted.)

See also *Corkins v Ritter,* 326 Mich 563, 568-569; 40 NW2d 726 (1950); *Leslie v Mollica,* 236 Mich 610, 615-617; 211 NW 267 (1926); *Schuhardt v Jensen,* 11 Mich App 19, 21; 160 NW2d 590 (1968).

Restatement Judgments, § 58, comment c, pp 232-233, explains further:

"c. *Defense and counterclaim—Judgment for plaintiff —Collateral estoppel.* Where the same facts constitute a ground of defense to the plaintiff's claim and also a ground for a counterclaim, and the defendant alleges these facts as a defense but not as a counterclaim, and after litigation of the defense judgment is given for the plaintiff, the defendant is precluded from maintaining an action against the plaintiff based on these facts. This is in accordance with the rule as to collateral estoppel stated in § 68, that *where a question of fact essential to a judgment is actually litigated and determined* by the judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action." (Emphasis added.)

See also 83 ALR 642, 648.

Restatement Judgments, comment o to § 68, p 309, provides:

"o. *Facts not essential to the judgment.* The rules stated in this Section are applicable only where the facts determined are essential to the judgment. *Where the jury or the court makes findings of fact but the judgment is not dependent upon these findings, they are not conclusive between the parties in a subsequent action based upon a different cause of action."* (Emphasis added.)

See also *Senior Accountants, Analysts & Apprais-*

*ers Ass'n v Detroit,* 399 Mich 449, 458; 249 NW2d
121 (1976); *Detroit Automobile Inter-Ins Exchange
v Higginbotham,* 95 Mich App 213, 219; 290 NW2d
414 (1980), *lv den* 409 Mich 919; 133 ALR 840
(1980).

It is clear that the question of defendants' mis-
conduct was actually litigated as an affirmative
defense in the claim and delivery action but only
as it related to the enforceability of the lien of
George, Sr. The court found that defendants did
collude to deprive plaintiff of her property and
ruled that this was sufficient to render the lien
unenforceable. This Court, however, reversed that
decision because there was no evidence of collusion
with respect to the assignment of the security
interest and, therefore, the lien was enforceable.
However, it was noted that defendants may have
conspired against plaintiff by failing to pay for or
maintain the boat, thereby depriving plaintiff of
her marital property.

Thus, the only issue of fact that was essential to
the prior suits that could be related to the present
case was the lack of collusion between defendants
in obtaining the lien. The trial court's finding of
general wrongdoing was not relevant to the en-
forceability of the lien. Because the ultimate issue
in the present case is whether defendants did, in
fact, conspire to deprive plaintiff of her marital
property and thereby diminished plaintiff's inter-
est in the yacht, we find that this issue is not the
same as the ultimate issues in either of the prior
actions and that the present action is not barred
by collateral estoppel. We reverse the trial court's
order granting accelerated judgment and remand
for a trial.

Plaintiff's second claim is that the trial court
erred in dismissing her claim against defendants

for all expenses including attorney fees reasonably incurred in defending the two prior actions.

We first find that plaintiff is not entitled to costs and attorney fees incurred in the divorce action since she was already awarded approximately $3,-250 for those expenses in the divorce judgment. However, we further find that plaintiff may be able to recover all of her reasonable costs and attorney fees incurred in the claim and delivery action from George, Jr.

Generally, awards of costs or attorney fees are not allowed unless expressly authorized by statute, court rule, or a recognized exception. Exceptions must be narrowly construed. Normally, expenses incurred in the present litigation are not recompensable no matter how wrongful the suit or groundless the defense. However, where the present defendant has by his wrongful conduct proximately caused the present plaintiff to defend a prior legal proceeding against a third party, plaintiff may recover all expenses, including attorney fees, reasonably incurred in the previous litigation. *Warren v McLouth Steel Corp,* 111 Mich App 496, 507-508; 314 NW2d 666 (1981); *Scott v Hurd-Corrigan Moving & Storage Co, Inc,* 103 Mich App 322, 347; 302 NW2d 867 (1981), *lv den* 412 Mich 881 (1981); *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 78-79; 212 NW2d 821 (1973).

The exception appears to be applicable to the present case because George, Jr., failed to make payments on the yacht which precipitated the prior claim and delivery action. On the other hand, George, Sr., would not be liable for any of plaintiff's expenses incurred in defending her interest against his valid security interest. However, he may be liable for any expenses arising out of

his failure to pay City National Bank, *i.e.,* any separate expenses which plaintiff incurred in defending against the bank's purchase money security interest. Those matters are to be determined in the trial court.

Reversed and remanded.