**In re Henry T. MANUEL, Debtor.**

**Mary V. DAY, Plaintiff,**

v.

**Henry T. MANUEL, Defendant.**

**Bankruptcy No. 86–03221–R.**
**Adv. No. 86–0855–R.**

United States Bankruptcy Court,
E.D. Michigan.

July 22, 1987.

Dennis Moffett, Pontiac, Mich., for plaintiff.

James Sheehan, Birmingham, Mich., for defendant.

## SUPPLEMENTAL MEMORANDUM OPINION

STEVEN W. RHODES, Bankruptcy Judge.

### I.

On April 22, 1987, the Court gave a bench opinion denying a motion for summary judgment filed by the debtor, Henry T. Manuel. This written opinion supplements that bench opinion.

The plaintiff, Mary V. Day, seeks a judgment that her debt is non-dischargeable under 11 U.S.C. § 523(a)(2). The complaint alleges Manuel's fraud, including arson and insurance fraud, in connection with a land contract by which Day sold to Manuel a building and lot in Waterford Township for $175,000.

Manuel asserts that he is entitled to a judgment of dismissal on the grounds of *res judicata.* The basis for this assertion is as follows:

In 1984, before Manuel's bankruptcy was filed, Day filed a complaint against Manuel in state court asserting fraud and breach of contract claims, and alleging essentially the same facts and circumstances as her present complaint filed in this Court. Ma-

nuel argues that because in the state court action the parties entered into a settlement and consent judgment which dismissed the fraud claims with prejudice, Day is precluded from relitigating the fraud claim.

Thus, the issue is what effect this Court should give to the earlier state court settlement and judgment.

## II.

A similar issue was addressed previously by this Court in the case of *In re Eadie (Bend v. Eadie)*, 51 B.R. 890 (Bankr.E.D. Mich.1985). In that case, this Court, applying the test set forth in *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) and in *In re Byard (Harris v. Byard)*, 47 B.R. 700 (Bankr.M.D.Tenn. 1985), held that a prior state court default judgment against the debtor precluded the debtor from relitigating a fraud claim under section 523(a)(2).

These decisions considered the effect of "the full faith and credit" statute, 28 U.S.C. § 1738, which provides in pertinent part:

> Such ... [state] judicial proceedings ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State ... from which they are taken.

In *Byard*, 47 B.R. at 701–02, the court noted the Supreme Court's holding in *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984):

> [A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered.

*See also Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); and *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

As this Court noted in *Eadie*, 51 B.R. at 893, the proper test in applying the full faith and credit statute was set forth by the Supreme Court in *Marrese* as follows: First, the court should determine the preclusive effect of the judgment under the law of the state where the judgment originated. Second, the court must determine whether any federal statute expressly or impliedly creates an exception to the usual application of the full faith and credit statute.

Accordingly, this Court must first determine whether under Michigan law, a consent judgment which recites that certain claims are dismissed with prejudice would preclude later litigation of the same claims.

## III.

Under Michigan law, issue preclusion prevents further litigation of those issues which were actually and necessarily litigated. *Howell v. Vito's Trucking & Excavating Co., Inc.*, 386 Mich. 37, 191 N.W.2d 313 (1971). *See also Sahn v. Brisson's Estate*, 43 Mich.App. 666, 204 N.W.2d 692 (1972).

However, the Michigan courts hold that issues involved in a case settled by a consent judgment are not actually litigated, and thus have no issue preclusive effect. *American Mutual Liability Insurance Company v. Michigan Mutual Liability Company*, 64 Mich.App. 315, 235 N.W.2d 769 (1975). In that case, the court noted a split in other jurisdictions on the effect of consent judgments. The court held:

> For the reasons which follow, we are of the opinion that consent judgments should not be given collateral estoppel effect.
>
> First, collateral estoppel rules do not require that a consent judgment bind a party to facts which were originally in issue in the action that was settled. A consent judgment reflects primarily the agreement of the parties. *Dora v. Lesinski*, 351 Mich. 579, 582 [88 N.W.2d 592] (1958). The action of the trial judge in signing a judgment based thereon is

ministerial only. The parties have not litigated the matters put in issue, they have settled. The trial judge has not determined the matters put in issue, he has merely put his stamp of approval on the parties' agreement disposing of those matters. But a judgment can be given a collateral estoppel effect only as to those issues which were actually and necessarily adjudicated. *Howell v. Vito's Trucking & Excavating Co., Inc.*, 386 Mich. 37, 42 [191 N.W.2d 313] (1971). It follows that because the issues involved in the settled case were not actually adjudicated, one of the prerequisites to giving a judgment collateral estoppel effect is not satisfied. Thus, the answer to the question posed above is: Nothing is adjudicated between two parties to a consent judgment.

While the fact that a consent judgment does not satisfy the legal requirements of collateral estoppel is reason enough to reject American Mutual's contention, there are also persuasive policy reasons for denying collateral estoppel status to consent decrees. The social interest in reducing instances of costly litigation is undermined by a rule which provides drastic consequences for settlements. One will tend to avoid a settlement rather than be later bound in potentially far-reaching, and often unintended, ways by facts embedded in an otherwise innoccuous [sic] settlement agreement. Because the application of the doctrine of collateral estoppel to consent judgments will in many cases be unforeseeable, consent judgments may become less desirable, thus impeding and embarrassing the settlement process. [Footnotes omitted.]

*Id.* at 326–28, 235 N.W.2d 769.

Several Michigan decisions have applied the rule announced in *American Mutual. See Goldman v. Wexler*, 122 Mich.App. 744, 333 N.W.2d 121 (1983); *Peterson v. City of Lapeer*, 106 Mich.App. 148, 307 N.W.2d 744 (1981); and *Berar Enterprises,*

*Inc. v. Harmon*, 101 Mich.App. 216, 300 N.W.2d 519 (1980).[1]

It must be noted that *American Mutual* created an exception to this rule where a consent judgment explicitly reflects the parties' intent to be bound on a particular issue of fact. 64 Mich.App. at 327 n. 13, 235 N.W.2d 769. However, that exception does not apply here. The pleadings in the prior state court proceedings reflect that the parties intended to be bound only by the effect of the consent judgment; nothing suggests that the parties stipulated to any specific findings of fact.

## IV.

◼ Under Michigan law, however, a consent judgment does have claim preclusive or *res judicata* effect. *See American Mutual Liability,* above. *See also Knowlton v. City of Port Huron*, 355 Mich. 448, 94 N.W.2d 824 (1959); and *Prawdzik v. Heidema Brothers, Inc.*, 352 Mich. 102, 89 N.W.2d 523 (1958). Under Michigan law, *res judicata* requires that the same evidence necessary to sustain the second cause of action would have been sufficient to authorize the first judgment. Accordingly, Michigan law does apply claim preclusive effect, that is, *res judicata* effect, to an earlier state court consent judgment.

But as noted earlier, under *Marrese* this is not the end of the inquiry. The issue then becomes whether there is a federal exception to the application of the full faith and credit statute.

On the issue whether there is any such exception in bankruptcy, *Brown v. Felsen*, 442 U.S. 127, 138, 99 S.Ct. 2205, 2212–13, 60 L.Ed.2d 767 (1979), held:

> Refusing to apply *res judicata* here would permit the bankruptcy court to make an accurate determination whether respondent in fact committed the deceit, fraud, and malicious conversion which petitioner alleges. These questions are now, for the first time, squarely in issue.

*See* 47 Am.Jur.2d *Judgments,* § 1089, pp. 144–46 (2d ed. 1969).

---

1. This rule that issue preclusive effect is not given to consent judgments is the minority rule.

**108**

They are the type of question Congress intended that the bankruptcy court would resolve. That court can weigh all the evidence, and it can also take into account whether or not petitioner's failure to press these allegations at an earlier time betrays a weakness in his case on the merits.

Some indication that Congress intended the fullest possible inquiry arises from the history of Section 17 [Section 17 of the Bankruptcy Act since repealed]. In the 1898 Bankruptcy Act, Congress provided that only 'judgments' sounding in fraud would be excepted from a bankrupt's discharge. In 1903, Congress substituted 'liabilities' for 'judgments.' The amendment, said the accompaning House Report, was 'in the interest of justice and honest dealing and honest conduct,' and it was intended 'to exclude beyond peradventure certain liabilities growing out of offenses against good morals.' This broad language suggests that all debts arising out of conduct specified in Section 17 should be excepted from discharge and the mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt." [Citations and footnotes omitted.]

Both *Brown v. Felsen* and the present case involve the debtor's defensive use of a prior state court consent judgment against a creditor's assertion in bankruptcy that a debt is nondischargeable due to fraud. Although in *Brown* the prior judgment made no mention of the fraud claims, while in the present case the prior judgment specifically dismissed the fraud claims with prejudice, this distinction makes no difference. *See Marrese*, 470 U.S. at 386, 105 S.Ct. at 1335; *Byard*, 47 B.R. at 702; and *Eadie*, 51 B.R. at 893.

Accordingly, the Court concludes that the parties' prior state court consent judgment dismissing the fraud claim with prejudice does not preclude relitigation of Day's claim in the present proceeding.

The debtor's motion for summary judgment is denied.