In re Christopher W. MAURER,
Debtor.

The Collision Shop of America,
Inc., Plaintiff,

v.

Christopher W. Maurer, Defendant.

Bankruptcy No. 12–63733.
Adversary No. 13–4097.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

March 18, 2013.

Keith M. Nathanson, Waterford, MI, for Plaintiff.

Michael P. DiLaura, Mt. Clemens, MI, for Defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THOMAS J. TUCKER, Bankruptcy Judge.

In this adversary proceeding, Plaintiff's complaint alleges that Defendant's debt to it is nondischargeable, based on fraud, under 11 U.S.C. § 523(a)(2)(B). Before Defendant filed his Chapter 7 bankruptcy case, Plaintiff obtained a $185,000.00 judgment against Defendant in the Oakland County Circuit Court, after some two years of litigation. The judgment was for damages based on breach of contract. The parties agree that the state court judgment was not based on any claim of fraud.

Defendant has filed a motion to dismiss this adversary proceeding, based on *res judicata.* Defendant argues that under Michigan law and the doctrine of *res judicata,* Plaintiff was required to plead and litigate its fraud claim in the state court action. Because Plaintiff failed to due so before the state court judgment was entered, Defendant says, *res judicata* bars the Plaintiff's nondischargeability action based on fraud.

Plaintiff filed a response to the motion to dismiss, arguing that the doctrine of *res judicata* does not bar Plaintiff's nondischargeability action.

The Court concludes that a hearing on Defendant's motion to dismiss is not necessary, and that Defendant's motion must be denied.

Based primarily on the United States Supreme Court's decision in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), courts have ruled that the doctrine of *res judicata* does not bar a nondischargeability action in this context. *See Vogel v. Kalita (In re Kalita)*, 202 B.R. 889, 893–94 (Bankr.W.D.Mich.1996); *Day v. Manuel (In re Manuel)*, 76 B.R. 105, 107–108 (Bankr.E.D.Mich.1987); *Shaw v. Shaw (In re Shaw)*, 210 B.R. 992, 998 n. 3 (Bankr.W.D.Mich.1997). This Court agrees with these cases, and has so ruled in the past. *See, e.g., Fifth Third Bank v. Davis (In re Davis)*, Adv. Pro. No. 08–5138 (Bankr.E.D.Mich. February 4, 2009)(transcript of bench opinion, Docket # 24) at 3–5. Of the cases cited above, the Court finds particularly persuasive the reasoning in *Day v. Manuel*.

The Court notes that while the published cases cited above are somewhat dated, they remain good law today. *See, e.g., Hasalia v. Walker (In re Walker)*, 416 B.R. 449, 462–64 (Bankr.W.D.N.C.2009). In a more recent case, for example, the Supreme Court discussed *Brown v. Felsen* at length, and relied on it. *Archer v. Warner*, 538 U.S. 314, 319–21, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003). In *Archer*, in discussing *res judicata* in this context, the Supreme Court noted the following:

> Congress ... intended to allow the relevant determination (whether a debt arises out of fraud) to take place in bankruptcy court, not to force it to occur earlier in state court at a time when nondischargeability concerns "are not directly in issue and neither party has a full incentive to litigate them." *Brown*, 442 U.S. at 134, 99 S.Ct. 2205.

538 U.S. at 321, 123 S.Ct. 1462.

For the reasons stated above,

IT IS ORDERED that the Defendant's Motion to Dismiss (Docket # 10) is denied.