BANK OF THE COMMONWEALTH v HULETTE

Docket No. 77-1727. Submitted January 10, 1978, at Detroit.—Decided April 4, 1978.

Plaintiff, Bank of the Commonwealth, commenced this action against Orren D. Hulette in Macomb County Circuit Court, Walter P. Cynar, J., seeking recovery on two notes in a contract action. Accelerated judgment was granted and the action dismissed because defendant had commenced a prior action in Wayne County Circuit Court against plaintiff and the payee on the notes, seeking to have the notes declared null and void because of fraud. Plaintiff appeals. *Held:*

Accelerated judgment was improper because joinder of counterclaims is permissive in Michigan and the decision not to file counterclaims in the first litigation (Wayne County) allows the plaintiff to maintain a separate independent action in another county (Macomb). However, under the facts of this case, the Macomb County lawsuit should be held in abeyance until termination of the litigation in Wayne County by final order at the circuit court level.

Reversed and plaintiff's action held in abeyance pending the outcome of the Wayne County Circuit Court action.

1. Judgment—Accelerated Judgment—Action—Joinder of Counterclaims—Separate Actions—Court Rules.

Michigan provides for permissive joinder of counterclaims; therefore where a party declines to file any counterclaims in pending litigation he is then free to maintain a separate independent action of his own even though he could have set up a counterclaim in the first action; where such a separate action is commenced it is improper to grant accelerated judgment on the ground that another action is pending between the same parties involving the same claim (GCR 1963, 116.1[4], 203.2).

References for Points in Headnotes
[1] 20 Am Jur 2d, Courts §§ 167, 169.
    20 Am Jur 2d, Counterclaim, Recoupment, and Setoff §§ 8, 155–157.
[2] 20 Am Jur 2d, Courts §§ 82, 86.
[3] 1 Am Jur 2d, Actions §§ 91–94.

2. ACTION—DETERMINATION OF ACTIONS—COURT RULES.

    Michigan court rules are to be construed to secure the just, speedy, and inexpensive determination of every action (GCR 1963, 13).

3. ACTION—TWO LAWSUITS—DISPOSITION OF FIRST—SECOND HELD IN ABEYANCE.

    A second lawsuit may be held in abeyance pending disposition of the first lawsuit where the rights of the parties to the second action cannot be properly determined until questions raised in the first action are settled.

*Honigman, Miller, Schwartz & Cohn* (by *Sheldon S. Toll),* for plaintiff.

*Leroy M. Ogle,* for defendant.

Before: ALLEN, P. J., and D. E. HOLBROOK, Jr. and M. J. KELLY, JJ.

PER CURIAM. Plaintiff appeals an accelerated judgment granted to the defendant under GCR 1963, 116.1(4).

Plaintiff commenced this action in Macomb County Circuit Court seeking recovery on two notes in a contract action. Accelerated judgment was granted and the action dismissed on April 25, 1977, because defendant had commenced a prior action in Wayne County Circuit Court against the plaintiff and the payee on the notes, seeking to have the notes declared null and void because of fraud. The issue presented is whether this was a proper basis for the trial court to grant accelerated judgment under GCR 1963, 116.1(4) ("another action is pending between the same parties involving the same claim").

We hold accelerated judgment was improper under the instant facts. We order, however, that the Macomb County lawsuit be held in abeyance

until termination of the litigation in Wayne County by final order at the circuit court level.

Michigan provides for permissive joinder of counterclaims. GCR 1963, 203.2. Plaintiff declined to file any counterclaims in the Wayne County litigation. Plaintiff was then free to maintain a separate independent action in Macomb County against defendant, even though the action could have been set up as a counterclaim in Wayne County. *Karakas v Dost,* 67 Mich App 161, 172–173; 240 NW2d 743, *lv den,* 396 Mich 869 (1976), citing Restatement, Judgments, § 58, p 230. Res judicata would not apply. *Cf. Sahn v Brisson,* 43 Mich App 666, 671; 204 NW2d 692 (1972).

There is a split of authority, however, on whether or not the second lawsuit may be held in abeyance pending disposition of the first lawsuit. 1 Am Jur 2d, Abatement, Survival, & Revival, § 33, p 73, provides:

"Thus, some courts have determined that since the causes of action in suits for cancellation, reformation, or rescission and those for enforcement of rights under a contract are not the same, and the relief sought is not the same, such suits are not ground for abatement of a second action although they are both founded on the same contract. In other jurisdictions it is held that though a suit to cancel a contract and a suit to enforce the contract or recover damages for its breach are not based on the same cause of action and do not seek the same relief, nonetheless, a suit for cancellation will abate a later suit based on the provisions of the contract, on the basis that if the contract is invalid there is nothing on which to base the second action."

Since the Michigan court rules "are to be construed to secure the just, speedy, and inexpensive determination of every action", GCR 1963, 13, we order the Macomb County lawsuit stayed until the

Circuit Court in Wayne County passes on the validity of the notes. We follow the rule set forth in 1 Am Jur 2d, Actions, §§ 92–94, pp 621–622, which provides in part:

"Where the rights of parties to the second action cannot be properly determined until the questions raised in the first action are settled the second action should be stayed."

The order of the Macomb County Circuit Court granting an accelerated judgment to defendant is reversed. Under the authority of GCR 1963, 820.1(7), the Macomb County Circuit Court action is held in abeyance pending the outcome of the Wayne County Circuit Court action on the validity of the instant notes.

No costs, neither party having prevailed in full.