BOLAND v C D BARNES ASSOCIATES, INC

Docket No. 61474. Submitted December 7, 1982, at Grand Rapids.—
Decided June 21, 1983.

J. David Boland and Construction Development, Inc., entered into
a contract for the construction of an office complex. The con-
struction was to be provided through C. D. Barnes Associates,
Inc. Subsequently, Construction Development, Inc., and C. D.
Barnes Associates, Inc., filed statements of account and me-
chanics' liens on the property and thereafter commenced an
action to foreclose the mechanics' liens against Boland and
others. The foreclosure action was voluntarily dismissed with
prejudice pursuant to stipulation of the parties. Boland subse-
quently filed suit in Kent Circuit Court against C. D. Barnes
Associates and Construction Development for the improper
filing and perfecting of mechanics' liens on the office complex
project. The court, R. Stuart Hoffius, J., granted accelerated
judgment for the defendants based upon the doctrine of res
judicata. The plaintiff appealed. *Held:*

The trial court did not err in granting accelerated judgment
for the defendants. The allegations contained in the plaintiff's
complaint, if proven, would have constituted a defense to the
original foreclosure action and those issues could have, and
should have, been raised in that action. Therefore, the plain-
tiff's action is barred under the res judicata doctrine.

Affirmed.

BEASLEY, J., dissented. He would reverse the trial court's
grant of accelerated judgment and remand the case to the trial
court. He believes that while plaintiff could have raised the
issues in his complaint as a counterclaim in the foreclosure
action he was not required to do so. Because the applicable
court rule is a permissive joinder rule, plaintiff had the option
of raising his claims in a separate action. He does not believe

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 46 Am Jur 2d, Judgments § 394.
[2] 46 Am Jur 2d, Judgments § 430 *et seq.*
[4] 46 Am Jur 2d, Judgments § 492.
[5] 46 Am Jur 2d, Judgments § 397.

that res judicata should be available to the defendants as a defense to the plaintiff's suit.

OPINION OF THE COURT

1. JUDGMENTS — RES JUDICATA.

The doctrine of res judicata applies not only to points upon which a court was actually required by the parties to form an opinion and pronounce a judgment but also to issues which could have and should have been raised in the original proceedings.

DISSENT BY BEASLEY, J.

2. JUDGMENTS — ACCELERATED JUDGMENT — ACTION — JOINDER OF COUNTERCLAIMS — SEPARATE ACTIONS — COURT RULES.

*Michigan provides for permissive joinder of counterclaims; where a party declines to file any counterclaim in pending litigation he is then free to maintain a separate independent action of his own even though he could have set up a counterclaim in the first action (GCR 1963, 203.2).*

3. WORDS AND PHRASES — RES JUDICATA.

*The doctrine of res judicata provides that, where two parties have fully litigated a particular claim and a final judgment has resulted, that claim may not be relitigated by either party; there are three prerequisites for a prior judgment to constitute a bar in a subsequent action under res judicata: (1) the former action must have been decided on the merits; (2) the same matter contested in the second action must have been decided in the first action; and (3) the two actions must be between the same parties or their privies.*

4. WORDS AND PHRASES — RES JUDICATA — VOLUNTARY DISMISSAL.

A voluntary dismissal of a lawsuit with prejudice is a final judgment on the merits for res judicata purposes.

5. ESTOPPEL — COLLATERAL ESTOPPEL — RES JUDICATA.

*Res judicata bars further action after an original cause of action between two parties goes to judgment whereas the doctrine of collateral estoppel is applied to subsequent actions based on a new cause of action and makes the prior litigation conclusive as to issues actually litigated and decided.*

*Rominger & Dewitt (by Charles S. Rominger, Jr.),* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *John C. O'Loughlin*), for defendants.

Before: R. B. BURNS, P.J., and BEASLEY and M. B. BREIGHNER,* JJ.

R. B. BURNS, P.J. Plaintiff sought damages against defendants for allegedly improper filing and perfecting of mechanics' liens. The trial court granted defendants' motion for an accelerated judgment based upon a consent judgment taken in a prior action between the parties arising out of the same transaction which barred the present suit. GCR 1963, 116.1(5).

Essentially, defendants claimed in their motion for accelerated judgment that plaintiff's 1980 complaint was predicated upon facts that were either litigated or could have been litigated in a 1976 foreclosure action which was dismissed by the parties' stipulation. We agree.

This Court in *Brownridge v Michigan Mutual Ins Co,* 115 Mich App 745, 748; 321 NW2d 798 (1982), stated:

"Since both actions arise out of the same discharge from employment, both actions arise 'out of the same transaction', both actions involved 'point[s] which properly belonged to the subject of litigation', and both involved 'the same matter in issue'. See *Arnold v Masonic Country Club,* 268 Mich 430; 256 NW 472 (1934). A voluntary dismissal with prejudice is a final judgment on the merits for res judicata purposes, *Astron Industrial Ass'n, Inc v Chrysler Motors Corp,* 405 F2d 958 (CA 5, 1968). That plaintiff could have brought her state claims in the federal action may be shown by reference to *United Mine Workers of America v Gibbs,* 383 US 715, 725; 86 S Ct 1130; 16 L Ed 2d 218 (1966)."

* Circuit judge, sitting on the Court of Appeals by assignment.

In the instant case, plaintiff's complaint alleged that defendants improperly executed mechanics' liens and wrongfully initiated a suit to foreclose upon those liens. Further, the complaint alleged that bad faith by defendants in filing the liens caused plaintiff to suffer financial losses. The original action filed by the present defendants was to foreclose upon mechanics' liens against an office complex which defendants were constructing for plaintiff. The allegations contained in plaintiff's present complaint, if proven, would have constituted a defense to the original foreclosure action. They are issues which could have, and should have, been raised in the original proceedings. Therefore, they are barred under the doctrine of res judicata. See *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980); *Eyde v Meridian Charter Twp,* 118 Mich App 43; 324 NW2d 775 (1982).

Affirmed.

M. B. BREIGHNER, J., concurred.

BEASLEY, J. *(dissenting).* I respectfully dissent and file my dissenting opinion which is in substantially the same form as when submitted as a proposed majority opinion.

On December 31, 1980, plaintiff-appellant, J. David Boland, started a suit against defendants, C. D. Barnes Associates, Inc., and Construction Development, Inc., seeking damages for the allegedly improper filing and perfection of mechanics' liens. On November 5, 1981, the trial court granted defendants' motion for an accelerated judgment on the ground that a consent judgment in a prior action between the parties arising out of the same transaction barred the within suit. Plaintiff appealed as of right.

Examination of the record reveals that on May 16, 1974, plaintiff and defendants entered into a contract for the construction of an office complex.[1] Previously, plaintiff had arranged for the project to be financed by Heartwell Mortgage Corporation.

Statements of account and lien on the property were asserted and recorded by defendants on December 31, 1974, and January 10, 1975.[2] Shortly thereafter, both defendants signed and filed waivers of the liens. On December 17, 1975, defendants filed an amended statement of lien and account on the property in the amount of $78,361.80 and, on December 29, 1975, defendants started suit to foreclose the mechanics' lien. Named in that action as defendants were 1925 Breton Road, Inc., Heartwell Mortgage Corporation, Burke E. Porter Machinery Company, and J. David Boland, the plaintiff herein. While the plaintiff, Boland, did not file a responsive pleading, an attorney entered an appearance for him on February 3, 1976. On April 7, 1976, the foreclosure action was voluntarily dismissed with prejudice pursuant to stipulation of the parties.

In his complaint in the within matter, plaintiff alleged that (1) the terms and conditions of the financing agreement between the finance company and him were violated by the filing of a mechanics' lien by any contractor, a fact that defendants knew or should have known, (2) when defendants filed their amended mechanics' lien, sufficient funds were held by the financing company to satisfy plaintiff's obligations to them, and (3) as a

[1] The construction contract was entered into between plaintiff and defendant Construction Development, Inc., with the actual construction to be provided through defendant C. D. Barnes Associates, Inc.

[2] MCL 570.5; MSA 26.285, under which this lien was presumably asserted, was repealed and replaced by MCL 570.1108; MSA 26.316(108), effective January 1, 1982.

proximate cause of the filing of the lien by defendants and their subsequent refusal to release the lien, plaintiff defaulted in his financing agreement with Heartwell Mortgage Corporation.[3] Not before us on this appeal is any question as to whether the complaint in the instant case states a cause of action for damages.

In their motion for accelerated judgment, defendants contended that the issues raised by plaintiff were either litigated or could have been litigated in the 1976 foreclosure action and that the voluntary dismissal with prejudice acted as a bar to any subsequent action based on the same set of facts and issues between the parties. Essentially, defendants claimed that plaintiff's 1980 complaint was predicated upon facts which should have been raised as defenses to the 1976 foreclosure action.

On appeal, plaintiff maintains that the trial court erred in granting defendants' motion for accelerated judgment because the matters raised in his complaint were not the same as those adjudicated in the foreclosure action. He asserts that the original action was one in which defendants sought to enforce their mechanics' lien, while the matter at bar involves a suit for damages caused by the improper filing of a mechanics' lien on the property. Furthermore, plaintiff claims that under GCR 1963, 203.2, he was not obligated in the foreclosure action to assert any counterclaims or affirmative defenses that he may have had against defendants.

---

[3] To this end, plaintiff alleged in his complaint that:

"16. As a direct and proximate result of defendants having filed their respective mechanics' liens and having failed and refused to release same, default occurred in the aforementioned financing with Heartwell Mortgage Corporation, preventing disbursal of the funds to defendants and subjecting plaintiff to additional interest charges, fees, costs, foreclosures, loss of rental income, reduced fair market value on the premises, lost profits on resale of the property, loss or reduced value of stock ownership, and other consequential damages."

Defendants argue that since dismissal with prejudice operates as an adjudication on the merits, and that the claims made by plaintiff were necessarily decided in the resolution of the 1976 foreclosure case, plaintiff's 1980 action is barred under the doctrine of res judicata.

The crux of this appeal is whether a defendant, in an action which is dismissed with prejudice pursuant to a stipulation of the parties, may file a subsequent action against the plaintiff in the original suit where the claims in the subsequent case relate to issues and facts of the first case and could have been asserted as affirmative defenses or a counterclaim in the original suit. Thus, this case presents another troublesome issue involving possible application of res judicata and/or GCR 1963, 203.

GCR 1963, 203.1 is a compulsory joinder rule requiring a complaint to state as a claim every claim arising out of the transaction that is the subject matter of the action. However, GCR 1963, 203.2 is a permissive joinder rule permitting a pleader to join as many independent or alternative claims as he may have against an *opposing* party.[4]

The federal rules of civil procedure differ from Michigan's in that they provide that any claim that a defendant has against a plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim must be set forth in the defendant's responsive pleading or be forever barred.[5]

In *Rogers v Colonial Federal Savings & Loan*

[4] *Bank of the Commonwealth v Hulette,* 82 Mich App 442; 266 NW2d 841 (1978).

[5] F R Civ P 13(a); *Dragor Shipping Corp v Union Tank Car Co,* 378 F2d 241 (CA 9, 1967); Wright, Law of Federal Courts (2d ed), § 79, pp 344-346.

*Ass'n of Grosse Pointe Woods,*[6] (which was a 4 to 3 decision) the Supreme Court held that a voluntary dismissal with prejudice of a prior suit involving essentially contract and fraud issues involving a mortgage did not preclude a subsequent suit between some of the same parties based on alleged violation of the federal Truth-in-Lending Act. The Supreme Court reasoned that unless the defendant objected in the first suit to the plaintiff's failure to join the federal Truth-in-Lending claim, under GCR 1963, 203.1, defendant would be held to have waived the use of the defense in a subsequent suit. But, *Rogers* did not involve a possible counterclaim and, thus, is not necessarily decisive of the within issue.

In *Bank of the Commonwealth v Hulette,*[7] we said:

"Michigan provides for permissive joinder of counterclaims. GCR 1963, 203.2."

Of similar import is our statement in *Karakas v Dost:*[8]

"Because a counterclaim under DCR 203.2 is permissive rather than compulsory, and plaintiffs did not raise their equitable mortgage claim in the district court proceedings by either defense or counterclaim, plaintiffs are not barred from now litigating their claim." (Footnote omitted.)

Consistent with these decisions, I would hold that, under GCR 1963, 203.2, plaintiff had in the first suit an option of raising his claim for dam-

[6] 405 Mich 607; 275 NW2d 499 (1979).

[7] *Hulette, supra,* p 444.

[8] 67 Mich App 161, 173; 240 NW2d 743 (1976), *lv den* 396 Mich 869 (1976).

ages for improper perfecting of a mechanics' lien as an affirmative defense or asserting that claim in a separate suit.

Having concluded that, under the permissive joinder rule, GCR 1963, 203.2, plaintiff was permitted to assert his claims in a separate, independent action, the question remains whether, in the matter at bar, the doctrine of res judicata is available to defendants as a defense.

In *Ward v DAIIE*,[9] the principle of res judicata was discussed as follows:

"The doctrine of res judicata provides that where two parties have fully litigated a particular claim and a final judgment has resulted, that claim may not be relitigated by either party. In *Tucker v Rohrback,* the Supreme Court delineated three prerequisites for a prior judgment to constitute a bar in a subsequent action: (1) the former action must have been decided on the merits; (2) the same matter contested in the second action must have been decided in the first; and (3) the two actions must be between the same parties or privies." (Footnotes omitted.)

In deciding whether these three prerequisites are met, I note that the first case was not tried on the merits. However, the parties agreed to dismiss the case with prejudice. In *Brownridge v Michigan Mutual Ins Co,*[10] we said:

"A voluntary dismissal with prejudice is a final judgment on the merits for res judicata purposes."

Consistent with *Brownridge,* by virtue of the parties' stipulation, the first case is deemed to have

[9] 115 Mich App 30, 37; 320 NW2d 280 (1982). Also see *Annabel v C J Link Lumber Co,* 115 Mich App 116, 123; 320 NW2d 64 (1982).

[10] 115 Mich App 745, 748; 321 NW2d 798 (1982). Also see Anno: *Consent judgment as res judicata,* 2 ALR2d 512, 520 (1948).

been decided on the merits, and the first prerequisite of res judicata is met.

Second, the issues raised in the second case are issues which could have been raised in a counterclaim in the first case. Third, the same parties appear in both cases, although plaintiff in the second case was a defendant in the first case.

Thus, the essential prerequisites for application of res judicata are present. But, while these issues could have been raised in a counterclaim in the first case, plaintiff in the within case was not required to raise them in such a counterclaim. As indicated, GCR 1963, 203.2 is a permissive joinder rule. Plaintiff had an option of asserting his claim in a separate action, and that is what he has done.

Under these circumstances, I do not believe that in the instant case res judicata was intended to be available to defendants. To so hold would largely nullify the effect of GCR 1963, 203.2. Since the first case was not tried on the merits, neither is the within case one for application of the doctrine of collateral estoppel, which was the basis for decision in *Sahn v Brisson*.[11]

The first case was dismissed with prejudice by stipulation of the parties. The actual stipulation, which was signed by the attorneys, provided:

"Now comes the above named parties by their respective attorneys and hereby stipulate to the dismissal of the above matter with prejudice and without cost to any party for the reason that the dispute has been amicably settled between the parties."

The record before us does not indicate that plaintiff executed a release to defendants of any

[11] 43 Mich App 666, 671; 204 NW2d 692 (1972).

claims he may have had against defendants. However, the words "that the dispute has been amicably settled" appear to be possibly ambiguous. My disposition is not intended to preclude the parties from attempting to establish the meaning of the stipulation.

In summary, I would reverse the trial court's order awarding accelerated judgment to defendants and remand this case to the trial court.