SALEM INDUSTRIES, INC v MOONEY PROCESS EQUIPMENT
COMPANY

Docket No. 96142. Submitted February 11, 1988, at Detroit. Decided
September 16, 1988.

Mooney Process Equipment Company sold to Salem Industries,
Inc., components used by Salem in manufacturing pollution
control devices. Mooney brought an action in Oakland Circuit
Court against Salem after Salem failed to pay in full for the
purchased components. The circuit court remanded the case to
the 52nd District Court for trial, where Salem moved for leave
to file a counterclaim against Mooney for breach of express and
implied warranties. The district court denied the motion. Moo-
ney then filed an action in Oakland Circuit Court against
Salem for breach of contract, negligence and product liability.
Salem moved for summary disposition of this action, contend-
ing that the action was barred by the pending action in the
district court involving the same parties and claims. The circuit
court, Fred M. Mester, J., entered an order dismissing Mooney's
action. Mooney sought and was granted leave to appeal to the
Court of Appeals.

The Court of Appeals *held:*

Generally, a counterclaim arising out of the same transaction
or occurrence as the principal claim must be joined in one
action. However, where, as here, leave to amend to state a
counterclaim is denied and the ruling court does not expressly
preclude a separate action, the party is not bound by the
compulsory joinder rule and is free to raise the claim in
another action to the extent allowed by the rules of collateral
estoppel and res judicata.

Reversed.

ACTIONS — COUNTERCLAIMS — COURT RULES.

Generally, a counterclaim arising out of the same transaction or
occurrence as the principal claim must be joined in one action;

REFERENCES

Am Jur 2d, Actions §§ 100 *et seq.,* 156 *et seq.*
See the Index to Annotations under Civil Procedure Rules; Joinder
of Actions.

however, if leave to amend to state a counterclaim is denied and the ruling court does not expressly preclude a separate action, the party is not bound by the compulsory joinder rule and is free to raise the claim in another action to the extent allowed by the rules of collateral estoppel and res judicata (MCR 2.203[A][1] and [E]).

*Charles N. Simkins,* for plaintiff.

*Ulanoff, Ross & Wesley, P.C.* (by *Patrick A. Moritz*), for defendant.

Before: MICHAEL J. KELLY, P.J., and HOOD and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff Salem Industries, Inc., appeals by leave granted from an Oakland Circuit Court order dismissing its complaint pursuant to MCR 2.116(C)(6). The circuit court ruled that plaintiff's complaint was barred by a previously filed action pending in the 52nd District Court involving the same parties and the same events. We find that plaintiff may maintain its claim in the circuit court and we therefore reverse.

Plaintiff Salem builds, manufactures and sells air pollution control devices. Salem purchased from defendant Mooney Process Equipment Company $23,010 worth of valves, operators and motors which it used to manufacture and build pollution control devices. Salem paid Mooney a $10,000 deposit against the purchase price and Mooney delivered the parts to Salem. Salem, however, failed to pay Mooney the balance of the purchase price.

On December 12, 1984, Mooney filed a complaint against Salem in the Oakland Circuit Court for the collection of $13,010. Salem admitted purchasing the parts from Mooney, but responded that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Mooney had breached certain express and implied warranties because the parts were not suitable for their intended purpose.

On January 14, 1986, the matter was remanded to the 52nd District Court for trial. Salem moved for leave to file a counterclaim to allege that Mooney had breached certain expressed and implied warranties under the product liability statute. By order entered May 19, 1986, the 52nd District Court denied Salem's motion because it was filed untimely as trial was imminent.

On June 2, 1986, Salem commenced the present action against Mooney in the Oakland Circuit Court. The complaint alleged breach of contract, negligence and product liability. Mooney moved for summary disposition pursuant to MCR 2.116(C)(6). Mooney claimed that Salem's complaint was barred because of the pending action in the 52nd District Court which involved the same parties and the same claims. The circuit court agreed with defendant Mooney and entered an order dismissing plaintiff's claim on September 11, 1986.

Plaintiff argues that the circuit court erred since MCR 2.203(E) allows a party to litigate a counterclaim in a separate action. We agree.

MCR 2.203(E) states:

> Time for Filing Counterclaim or Cross-Claim. A counterclaim or cross-claim must be filed with the answer or filed as an amendment in the manner provided by MCR 2.118. If a motion to amend to state a counterclaim or cross-claim is denied, the litigation of that claim in another action is not precluded unless the court specifies otherwise.

Generally, a counterclaim arising out of the same transaction or occurrence as the principal

claim must be joined in one action. MCR 2.203(A)(1); *Van Pembrook v Zero Mfg Co,* 146 Mich App 87; 380 NW2d 60 (1985). However, if leave to amend to state a counterclaim is denied and the ruling court does not expressly preclude a separate action, the party is not bound by the compulsory joinder rule and is free to raise the claim in another action. MCR 2.203(E). We also note that MCR 2.203(E) provides for the permissive joinder of counterclaims. Since the rule is permissive, as opposed to compulsory, it allows a party the option to maintain its counterclaim in a separate independent action. *Bank of the Commonwealth v Hulette,* 82 Mich App 442, 444; 266 NW2d 841 (1978).

The circuit court erred in entering summary disposition in favor of defendant. Plaintiff may maintain its counterclaim, to the extent allowed by the rules of collateral estoppel and res judicata, in a separate independent action. See *Rinaldi v Rinaldi,* 122 Mich App 391, 399-400; 333 NW2d 61 (1983), lv den 418 Mich 861 (1983).

Reversed.