*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PCT BRANDS, LLC,

       Plaintiff-Appellee,

v

DIGITAL GADGETS, LLC,

       Defendant-Appellant.

UNPUBLISHED
May 16, 2019

No. 342481
Oakland Circuit Court
LC No. 2017-157799-CB

Before: MURRAY, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Defendant, Digital Gadgets, LLC, appeals as of right the trial court's order of judgment in favor of plaintiff, PCT Brands, LLC. Defendant challenges the earlier orders of the trial court granting plaintiff partial summary disposition and denying defendant's motions for reconsideration and for leave to file a counterclaim. We affirm.

## 1. FACTS

This case arises from a contract dispute between plaintiff and defendant. The parties dispute not whether defendant is contractually obligated to pay plaintiff for certain purchases it made from plaintiff, but rather when that payment was due. Until the fall of 2017, plaintiff sold mobile electronic products and accessories, including applications, or "apps," for electronic devices. Defendant sells consumer electronics such as computer tablets, Apple Watches, and GoPro cameras to retail clients, who then sell the products to consumers. In the 10 years preceding this lawsuit, defendant purchased numerous technology products from plaintiff, including agreements for ongoing technical support referred to as "vouchers." Defendant would then sell the technical support services to its customers by "bundling" the technical support vouchers with its electronic products.

Defendant's purchases from plaintiff were commemorated through purchase orders and corresponding invoices. The purchase orders and invoices identified the products purchased and the price, and each invoice indicated that the payment term was "net 45," which the parties agree means 45 days, and also included the statement that "[a] service charge at the rate of 1.5% per month (18% per annum) will be charged on all accounts past due. Any account over 60 days

from the date of invoice will be automatically placed on credit hold." But according to defendant, this provision of the parties' agreement was never enforced. According to defendant, plaintiff would send defendant an invoice when delivering the goods to defendant, and defendant would pay plaintiff after defendant performed an account reconciliation process, which would take anywhere from 67 days to 390 days from the date the invoice was issued.[1] Defendant contends that despite the contract language, plaintiff never considered such payments late and never "placed a credit hold" on defendant regardless of when defendant paid.

The parties do not dispute that between July 13, 2016, and January 30, 2017, defendant purchased numerous products from plaintiff. According to plaintiff's complaint, the amount of defendant's purchases from plaintiff during this period was $490,039.94. Plaintiff contends that although it sent defendant a balance statement reflecting the transactions between July 13, 2016, and January 30, 2017, defendant failed to pay plaintiff.

Plaintiff initiated this action against defendant, alleging breach of contract, account stated, and unjust enrichment. Specifically, plaintiff alleged that defendant had breached the contract between the parties by failing to pay for the goods plaintiff sold to defendant between September 23, 2016, and January 30, 2017, and additionally sought a service charge on the past-due invoices. Defendant admitted that plaintiff sent multiple invoices between September 26, 2016, and January 30, 2017, and that it had not paid plaintiff for the invoiced amounts, but denied that payment on the invoices was past due. Defendant asserted that the parties' course of dealing and various oral contracts over their 10-year business relationship permitted defendant to pay plaintiff sometime between 67 days to 390 days from the date of the invoices without the payments being considered past due.

Plaintiff moved for summary disposition under MCR 2.116(C)(10), arguing that there was no genuine issue of material fact regarding defendant's failure to pay plaintiff $517,969.84, which included the service charge for all outstanding amounts. Defendant argued that summary disposition was premature because discovery had not yet taken place, and also that a genuine issue of material fact existed whether the parties' regular course of dealing modified the terms of the contract to allow defendant to pay more than 45 days after the date the invoices were issued without the payment being considered past due.

The trial court granted in part and denied in part plaintiff's motion for summary disposition. The trial court found that, although discovery was incomplete, summary disposition was not premature and no genuine issue of material fact existed. The trial court determined that under the UCC, the express terms of the parties' agreements prevailed over the course of their performance and course of dealing. The trial court found that defendant failed to establish a material factual dispute regarding the invoices for transactions exceeding $1,000, but did create a question of fact for the invoices worth less than $1,000, which totaled $2,650. Accordingly, the trial court granted plaintiff summary disposition regarding the invoices worth more than $1,000 and denied summary disposition with regard to the invoices worth less than $1,000. The trial

---

[1] Because more than 390 days now have elapsed since the last invoice was issued, defendant presumably no longer disputes that all amounts owed are due.

court thereafter denied defendant's motion for reconsideration of the motion for summary disposition.

Meanwhile, in a separate action, plaintiff stipulated to a receivership order requested by its creditor, Comerica Bank, after plaintiff defaulted on certain financial obligations to Comerica. In that action, the trial court entered an order placing plaintiff in receivership on October 20, 2017. The trial court's order stayed all pending actions by third parties against plaintiff during the pendency of the receivership, except those permitted by leave of the trial court, stating "all other persons and entities aside from the Receiver and Comerica are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of Defendants [PCT Brands, LLC, and DeviceAdvice, LLC] (or any of them) or against the Receivership Assets . . ." including "[c]ommencing, prosecuting, continuing, entering, or enforcing any suit or proceeding; . . ."

In this action, defendant moved for leave to file a counterclaim alleging breach of contract and anticipatory breach of contract. Defendant argued that plaintiff, by going out of business, effectively rendered the previously sold vouchers permanently defective. Defendant asserted that by terminating the technical support website and toll free number, plaintiff materially breached its contract with defendant, and as a result, defendant would suffer approximately $1 million in damages. The trial court denied defendant's motion for leave to file a counterclaim, holding that the counterclaim would cause undue delay and actual prejudice to plaintiff. The trial court entered judgment in favor of plaintiff in the amount of $487,389.94. Defendant now appeals.

## II. DISCUSSION

### A. SUMMARY DISPOSITION

Defendant contends that the trial court erred in granting in part plaintiff's motion for summary disposition because there is a genuine issue of material fact regarding whether plaintiff waived the payment term of the parties' contract. We disagree.

We review de novo a trial court's decision to grant or deny summary disposition. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When reviewing an order granting summary disposition under MCR 2.116(C)(10), we consider all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 520; 895 NW2d 188 (2016). Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* We also review de novo issues involving the proper interpretation of statutes and contracts. *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012).

The parties do not dispute that the transactions in this case are governed by Michigan's Uniform Commercial Code (UCC), MCL 440.1101 *et seq.*, and also do not dispute that under § 2201(1) of the UCC, MCL 440.2201(1), the parties' contract could not be orally modified. That section provides, in relevant part:

Except as otherwise provided in this section, a contract for the sale of goods for the price of $1,000.00 or more is not enforceable by way of action or defense unless there is a writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his or her authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this subsection beyond the quantity of goods shown in the writing. [MCL 440.2201(1).]

Defendant, however, contends that despite this statute of frauds provision, under the UCC the parties' course of dealing over their 10-year business relationship demonstrates an attempt to modify the parties' contract, and thus, constitutes a waiver of the 45-day payment term within the meaning of MCL 440.2209. That section provides, in relevant part:

(3) The requirements of the statute of frauds section of this article (section 2201) [MCL 440.2201] must be satisfied if the contract as modified is within its provisions.

(4) Although an attempt at modification or rescission does not satisfy the requirements of subsection (2) or (3) it can operate as a waiver. [MCL 440.2209(3), (4).]

In addition, MCL 440.1303 provides, in relevant part:

(5) Except as otherwise provided in subsection (6), the express terms of an agreement and any applicable course of performance, course of dealing, or usage of trade must be construed whenever reasonable as consistent with each other. All of the following apply if that construction is unreasonable:

(a) Express terms prevail over course of performance, course of dealing, and usage of trade.

(b) Course of performance prevails over course of dealing and usage of trade.

(c) Course of dealing prevails over usage of trade.

(6) Subject to section 2209 [MCL 440.2209], a course of performance is relevant to show a waiver or modification of any term inconsistent with the course of performance. [MCL 440.1303(5), (6).]

MCL 440.1303(2) defines a "course of dealing" as "a sequence of conduct concerning previous transactions between the parties to a particular transaction that is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." By contrast, a "course of performance" is "a sequence of conduct between the parties to a particular transaction. . . ." MCL 440.1303(1). In other words, "course of dealing" means the parties' prior dealings with each other before the contract at issue was entered into, and "course of performance" means the parties' actions in carrying out the contract at issue. Here, defendant's alleged failure to adhere to the 45-day payment term on previous contracts and

-4-

plaintiff's alleged acceptance of that arrangement previously relates to earlier transactions between the parties, and therefore constitutes a course of dealing and not a course of performance.

Although a course of performance may show that parties have waived a specific contractual term under MCL 440.1303(6), the statute does not similarly provide that a course of dealing may demonstrate waiver. When statutory language is unambiguous, this Court presumes that the Legislature intended the meaning it plainly expressed, *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012), and clear statutory language must be enforced as written, *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012). Thus, course of dealing cannot be considered as evidence of a modification or waiver.

Because the parties' course of dealing is irrelevant to determine whether the parties waived the payment term, application of MCL 440.1303 resolves this matter. Here, each invoice unambiguously includes a net-45-days payment term. Although the parties may have developed a course of dealing over their 10-year business relationship in which defendant never tendered payment within 45 days from the issuance of an invoice, MCL 440.1303(5)(a) nonetheless dictates that the 45-day payment term prevails over any course of dealing. Any modification of that term must satisfy the statute of frauds. MCL 440.2209(3). Here, no such written modification exists, and the statute of frauds therefore bars defendant's argument that plaintiff modified the 45-day payment term.

Defendant also argues that summary disposition was inappropriate because discovery was incomplete. We disagree. Generally, a motion under MCR 2.116(C)(10) is premature if discovery is incomplete, unless it is unlikely that further discovery will produce support for the nonmoving party's position. *Liparoto Constr v Gen Shale Brick, Inc*, 284 Mich App 25, 33-34; 772 NW2d 801 (2009). Here, the parties do not dispute the facts, and the trial court granted plaintiff summary disposition based on the statute of frauds, which is a question of law not requiring further discovery. See *Rodgers v JP Morgan Chase Bank NA*, 315 Mich App 301, 307; 890 NW2d 381 (2016). The trial court's order granting partial summary disposition therefore was not premature.

Defendant also argues that the trial court erroneously denied its motion for reconsideration because it asserted a disputed issue of material fact regarding plaintiff's alleged waiver of the net-45-days payment term and supported it with independent evidence. Again, we disagree. This Court reviews a trial court's decision to grant or deny a motion for reconsideration for an abuse of discretion. *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes. *Id*. MCR 2.119(F)(3) states that a motion for reconsideration "which merely presents the same issues ruled on by the court" will not be granted. However, "the trial court also has the discretion to give a litigant a 'second chance' even if the motion for reconsideration presents nothing new." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). The trial court also has the discretion to decline to consider new legal arguments or evidence that could have been presented when the motion for summary disposition was first decided. *Id*. Here, the record supports the trial court's conclusion that defendant failed to demonstrate that it committed a palpable error when it granted plaintiff summary disposition. Because defendant's motion for reconsideration merely presented the same arguments previously

rejected by the trial court, the trial court's decision to deny the motion was not outside the range of reasonable and principled outcomes.

## B. DEFENDANT'S COUNTERCLAIM

Defendant next contends that the trial court abused its discretion by denying its motion for leave to amend its pleadings to add a counterclaim. We disagree.

MCR 2.203 provides for the pleading of a counterclaim, and also for the amendment of pleadings to state a counterclaim. That court rule provides, in relevant part:

> **(B) Permissive Joinder.** A pleader may join as either independent or alternate claims as many claims, legal or equitable, as the pleader has against an opposing party. If a claim is one previously cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court may grant relief only in accordance with the substantive rights of the parties.
>
> **(C) Counterclaim Exceeding Opposing Claim.** A counterclaim may, but need not, diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.
>
> * * *
>
> **(E) Time for Filing Counterclaim or Cross-Claim.** A counterclaim or cross-claim must be filed with the answer or filed as an amendment in the manner provided by MCR 2.118. If a motion to amend to state a counterclaim or cross-claim is denied, the litigation of that claim in another action is not precluded unless the court specifies otherwise. [MCR 2.203.]

Thus, a trial court may permit a party to amend its pleadings to add a counterclaim as provided in MCR 2.118, which provides that "[l]eave shall be freely given when justice so requires." MCR 2.118(A)(2). This Court reviews the trial court's decision to deny a motion for leave to amend pleadings for an abuse of discretion. *Jawad A. Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 208-209; 920 NW2d 148 (2018). Although trial courts have the discretion to grant or deny a motion for leave to amend, leave should generally be denied only for specific reasons, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, and futility. *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). "[D]elay, alone, does not warrant denial of a motion to amend," but may be justified "if the delay was in bad faith or if the opposing party suffered actual prejudice as a result." *Id*. at 659.

In this case, when defendant sought leave to file a counterclaim, the trial court had not yet ruled on defendant's motion for reconsideration or entered judgment in favor of plaintiff, and discovery was incomplete. Defendant could not have filed its counterclaim earlier because plaintiff did not enter receivership until October 20, 2017. Plaintiff does not contend that critical witnesses have died or necessary evidence has been lost or destroyed, or that it is unable to

-6-

defend against the counterclaim. Nor does plaintiff explain how it would be prejudiced if the trial court were to grant defendant leave to file a counterclaim. The record therefore does not support the trial court's determination that defendant's request for leave to file a counterclaim was untimely or would cause actual prejudice to plaintiff.

However, we conclude that the proposed counterclaim was properly denied because it is futile. Under MCR 2.116(I)(5), when a trial court grants summary disposition under MCR 2.116(C)(10), "the opportunity for the nonprevailing party to amend its pleadings pursuant to MCR 2.118 should be freely granted, unless the amendment would not be justified." *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52-53; 684 NW2d 320 (2004). An amendment is not justified if it would be futile. *Weymers*, 454 Mich at 658. An amendment is futile if it is legally insufficient on its face. *Wormsbacher v Seaver Title Co*, 284 Mich App 1, 8; 772 NW2d 827 (2009). Here, defendant's counterclaim is legally insufficient because defendant cannot maintain a breach of contract action against plaintiff without leave of the trial court in the receivership case.[2] Because defendant's proposed counterclaim would be futile until and unless defendant obtained leave to pursue this claim against plaintiff in the receivership case, leave to amend was properly denied.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael F. Gadola
/s/ Jonathan Tukel

---

[2] We note that Michigan is not a compulsory counterclaim state. When a motion to amend to state a counterclaim is denied, "the litigation of that claim in another action is not precluded unless the court specifies otherwise." MCR 2.203(E). Thus, a defendant denied leave to amend to add a counterclaim generally has "the option to maintain its counterclaim in a separate independent action." *Salem Indus, Inc v Mooney Process Equip Co*, 175 Mich App 213, 216; 437 NW2d 641 (1989)