*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GEICO INDEMNITY,

        Plaintiff-Appellee,

v

HASSAN DABAJA and AYA DABAJA,

        Defendants-Appellants.

UNPUBLISHED
March 24, 2020

No. 346911
Wayne Circuit Court
LC No. 18-005965-CZ

Before: BECKERING, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

In this no-fault subrogation action, defendants appeal as of right the trial court's order granting plaintiff's motion for summary disposition and entering judgment for plaintiff in the amount of $80,475.98. We affirm.

## I. FACTS

This action arises from a motor vehicle collision. On June 8, 2015, a vehicle owned by Jagan Jom, who was insured under a policy of no-fault insurance by plaintiff Geico Indemnity (Geico), was stopped at a red light when it was struck from behind by a vehicle driven by defendant Hassan Dabaja and owned by defendant Aya Dabaja (the Dabajas), neither of whom had no-fault insurance. Defendant Hassan Dabaja was ticketed for failure to stop.

Lamine Thiam and Awa Thiam (the Thiams) were occupants of the insured vehicle at the time of the collision. In 2016, the Thiams filed an action against Geico, as the vehicle owner's insurer, and also against the Dabajas, alleging property damage and personal injury resulting from the 2015 collision. All parties to the 2016 action thereafter stipulated to dismissal of the action, and the trial court entered an order that provided, in relevant part:

> IT IS HEREBY ORDERED that all claims against Defendant[s], GEICO INDEMNITY COMPANY, HASSAN DABAJA and AYA DABAJA shall be dismissed from the above captioned matter with prejudice and without costs to either party.

IT IS FURTHER ORDERED that pursuant to the agreement of the parties, GEICO Indemnity Company's liability for payment of Personal Injury Protection Benefits is discharged pursuant to MCL § 500.3112.

Geico, as subrogee of its insured, thereafter filed this action against the Dabajas, seeking to recoup the $80,160.73 paid on behalf of its insured. In their answer to the complaint, the Dabajas admitted negligence and the lack of insurance, but alleged that the injuries claimed by the Thiams as a result of the accident were fraudulent. Among other defenses, the Dabajas asserted that Geico's claim was barred by the settlement of the 2016 action and also barred because Geico failed to file a cross-claim against them in the 2016 action.

Geico moved for summary disposition under MCR 2.116(C)(9) and (10), asserting that it was undisputed that Hassan Dabaja negligently operated an uninsured motor vehicle owned by defendant Aya Dabaja, which resulted in property damage and personal injuries for which Geico paid damages of $80,160.73. Geico argued that under MCL 500.3177(1), an insurer may recover benefits paid due to the ownership, maintenance, or use of an uninsured motor vehicle without regard to fault. Geico also argued that defendants were liable under Michigan common law for defendant Hassan Dabaja's negligent operation of an automobile, that there was no genuine issue of any material fact, and that it was entitled to summary disposition as a matter of law.

By contrast, the Dabajas contended that Geico was precluded by the stipulated order of dismissal in the 2016 case from seeking to recover benefits it paid on behalf of its insured. They also argued that Geico's failure to assert the subrogation claim in the 2016 action resulted in the claim being barred by collateral estoppel and res judicata. After a hearing, the trial court granted Geico's motion for summary disposition and ordered the Dabajas to pay Geico $80,475.98. The Dabajas now appeal.

## II. DISCUSSION

### A. STANDARDS OF REVIEW AND SUMMARY DISPOSITION STANDARDS

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). We also review de novo the interpretation and application of the court rules. *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019). Similarly, the applicability of collateral estoppel is a legal issue that this Court reviews de novo. *Radwan v Ameriprise Ins Co*, 327 Mich App 159, 164; 933 NW2d 385 (2018).

A motion for summary disposition under MCR 2.116(C)(9) tests the sufficiency of the defendant's pleadings. *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582; 794 NW2d 76 (2010). A motion under MCR 2.116(C)(9) is properly granted when, accepting all well-pleaded allegations as true, the defendant has failed to state a valid defense to a claim and no development of the facts could support denial of the plaintiff's right to recovery. *Id.*

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. When reviewing an order issued pursuant to MCR 2.116(C)(10), this Court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Tomra of North America, Inc v Dep't of Treasury*, 325 Mich App 289, 294; 926 NW2d 259 (2018).

Summary disposition pursuant to MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* A genuine issue of material fact exists when, viewing the facts in the light most favorable to the non-moving party, reasonable minds could differ on an issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## B.  COMPULSORY JOINDER

The Dabajas first contend that the trial court erred in granting summary disposition to Geico because Geico failed to assert its subrogation claim against the Dabajas in the 2016 action. They argue that Geico thereby violated the compulsory joinder provisions of MCR 2.203(A), and consequently is precluded from asserting the subrogation claim in this action. We disagree.

MCR 2.203(A) provides:

In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

This rule requires a party filing a pleading against an opposing party to join every claim that the pleader has against the opposing party arising out of the transaction or occurrence in question. However, MCR 2.203(A) does not compel a party to raise a counterclaim or cross-claim. As discussed in 2 Longhofer, Michigan Court Rules Practice, Text (7th ed) § 2203.2:

By referring to "pleadings" rather than "complaints," MCR 2.203(A) has much broader application than did earlier rules. To the extent that it actually acts as a compulsory joinder rule, it does so on the claims of all parties—counterclaims, cross-claims, and the like. This is not the same, however, as a compulsory counterclaim rule (which Michigan does not have), for MCR 2.203(A) does not require that any counterclaim be raised. It merely says that, *if* a counterclaim is raised, the counterclaimant must raise all other counterclaims arising out of the "transaction or occurrence that is the subject matter of the action." The same applies to third-party claims, cross-claims, and the like. [footnote omitted.]

Similarly,

Cross-claims are not compulsory, but if a cross-claim is stated under MCR 2.203(D), all other cross-claims arising out of the same transaction or occurrence must be stated under MCR 2.203(A), or waived, unless some are allowed and some disallowed under MCR 2.203(E). [2 Longhofer, Michigan Court Rules Practice, Text (7th ed) § 2203.11.]

In other words, MCR 2.203(A) does not require that a counterclaim or a cross-claim be raised, but rather provides that if a counterclaim is raised, the counterclaimant must raise all other counterclaims arising out of the transaction or occurrence that is the subject matter of the action. Thus, MCR 2.203(A) provides that a party must join every claim it has against an *opposing* party

-3-

*if* the party files a pleading stating a claim against that opposing party, but does not require a defendant to initiate his or her own claims arising from that same transaction or occurrence by filing a counter claim or cross-claim; rather, a defendant may bring his or her claim in a separate action. *Salem Indus, Inc v Mooney Process Equip Co*, 175 Mich App 213, 215-216; 437 NW2d 641 (1988).

Here, in the 2016 action, Geico and the Dabajas were not opposing parties, but were instead co-defendants sued by the Thiams, and Geico brought no claims against the Dabajas in the 2016 action. Geico therefore was not required by MCR 2.203(A) to raise its subrogation claim against the Dabajas in the 2016 action.

### C. COLLATERAL ESTOPPEL

Defendants also contend that Geico's claim against them is barred by the doctrine of collateral estoppel. Again, we disagree.

Collateral estoppel, also known as issue preclusion, precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding resulted in a valid final judgment, and the issue was actually and necessarily determined in the first proceeding. *King v Munro*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No.341714); slip op at 2. For collateral estoppel to apply, generally three elements must be satisfied, being that (1) a question of fact essential to the judgment has been actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) mutuality of estoppel. *Id.* A question of fact is not "actually litigated" unless it is "put into issue by the pleadings, submitted to the trier of fact, and determined by the trier." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 529; 866 NW2d 817 (2014). The issues in the two actions "must be identical, and not merely similar." *Id.* The doctrine of collateral estoppel does not apply to consent judgments where the factual issues were neither actually adjudicated nor conceded. *In re Bibi Guardianship*, 315 Mich App 323, 332; 890 NW2d 387 (2016).

In this case, the Dabajas have not established the elements of collateral estoppel. The 2016 action brought by the Thiams against Geico and the Dabajas was not a "an action between the same parties" as in the current action brought by Geico against the Dabajas. Nor does the current action involve relitigation of an issue that was actually and necessarily determined in the first proceeding. In the 2016 action, no claim was asserted by Geico against the Dabajas and no issue between them was resolved. Rather, the Thiams sued Geico and the Dabajas, Geico paid the Thiams approximately $80,000, and the parties agreed to the dismissal with prejudice of the Thiams' claims against all defendants. Then Geico, as the subrogee of its insured, Jagon Jom, brought this action against the Dabajas to recoup the money it paid on behalf of Jom. The Dabajas thus have not demonstrated that this action brought by Geico is a relitigation of an issue in a subsequent, different cause of action between the same parties to the first litigation. Moreover, the doctrine of collateral estoppel does not apply where, as here, a consent judgment was entered with the issues being neither adjudicated nor conceded. *In re Bibi Guardianship*, 315 Mich App at 332.

The Dabajas also briefly assert that the stipulated order[1] that concluded the 2016 lawsuit represents a settlement agreement that precludes Geico from seeking subrogation against the Dabajas. A review of the stipulated order, however, reveals that the order dismissed with prejudice all claims in that action brought by the Thiams against Geico and the Dabajas, and also discharged Geico's liability for payment of PIP benefits to the Thiams. Because the order does not purport to discharge any liability between Geico and the Dabajas, however, this argument is without merit. We therefore conclude that the trial court did not err in granting Geico summary disposition.

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Michael F. Gadola

---

[1] The Dabajas also argue on appeal that they were precluded from asserting a fraud defense against the Thiams in the 2016 action because Geico stipulated to the dismissal of that action before the issues could be litigated. We observe, however, that the stipulated order of dismissal indicates that the Dabajas' counsel joined in the stipulation to dismiss the 2016 action.